UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY L. JOHNSON and GARY A. JOHNSON,

    Plaintiffs,

v.

CASE NO. 8:20-cv-00749-SCB-AEP

WESTLAKE PORTFOLIO MANAGEMENT, LLC,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT WESTLAKE PORTFOLIO MANAGEMENT,
LLC'S MOTION TO COMPEL ARBITRATION AND STAY ACTION**

NOW comes TAMMY L. JOHNSON ("Tammy") and GARY A. JOHNSON ("Gary") (collectively "Plaintiffs"), by and through the undersigned, responding to WESTLAKE PORTFOLIO MANAGEMENT, LLC'S ("Defendant") Motion to Compel Arbitration and Stay Action ("Defendant's Motion") and in support thereof states as follows:

**I.     INTRODUCTION**

Defendant's Motion seeks to compel the arbitration of Plaintiffs' claims brought pursuant to the Telephone Consumer Protection Act ("TCPA") and Florida Consumer Collection Practices Act ("FCCPA") on the grounds that the arbitration provision contained in a contract between Gary and Crystal Motor Car Co. of Hernando, Florida ("Crystal") directs such a result.

Defendant first argues, in largely conclusory fashion, that the "gateway issues" typically incumbent upon a court deciding a motion to compel arbitration should be submitted to arbitration, asserting that the retail installment contract ("RISC") at issue provides for this mechanism of

1

determining the issues. However, there is nothing "clear and unmistakable" about the contractual provisions that would justify the Court finding that Plaintiffs agreed to submit arbitrability concerns with *Defendant* to the arbitrator. Although the language at issue may have compelled arbitrability issues between Plaintiffs and Crystal to determination by arbitration, the fact Defendant has not established its entitlement to enforce the arbitration agreement at all underscores that the arbitrability issue should be decided by the Court.

When examining the "gateway issues," it is evident that Defendant has failed to meet its initial burden in establishing the existence of a binding arbitration agreement *between the parties.* Gary entered into the RISC with Crystal, not Defendant. Defendant attempts to suggest that it has the right to enforce the arbitration agreement contained in the RISC since it was "transferred" the RISC. Critically absent from Defendant's provided evidence is *any* indication that the transference of the RISC included the right to compel the arbitration, or that Defendant would otherwise be covered by the entities to-whom the arbitration clause would apply. Defendant could have produced the documents governing the transference of the RISC, including any right to compel arbitration, in connection with its Motion, yet it has failed to do so. As such, factual issues remain as to whether *Defendant* has the right to enforce the arbitration agreement at issue. Given such factual issues, the Court should find that Defendant has failed to meet its initial burden as the party seeking to compel arbitration.

Given Defendant's failure to meet its threshold burden as the party seeking to compel arbitration, the Court should deny Defendant's Motion in its entirety.

## II. STANDARD OF REVIEW

Although the "FAA creates a presumption in favor of arbitrability," it does not require the parties to arbitrate if they have not agreed to do so. *Paladino v. Avnet Comp. Tech., Inc.,* 134 F.3d 1054, 1057 (11th Cir. 1998). "[T]he question of whether the parties have submitted a particular

dispute to arbitration, *i.e.,* the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002). Issues to be decided by the court "include certain gateway matters, such as whether the parties have a valid arbitration agreement at all." *Battels v. Sears Nat'l Bank,* 365 F. Supp. 2d 1205, 1211 (M.D. Ala. 2005) (quoting *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 451-53 (2003)). In determining whether parties had a valid contract that included an arbitration agreement, the Court generally looks to the state law at issue in order to determine whether an agreement to arbitrate was formed between a plaintiff and **defendant.** *Cox v. Midland Funding, LLC,* 2015 U.S. Dist. LEXIS 184176, at *21 (N.D. Ga. Jun. 11, 2015) (citing *Perry v. Thomas,* 482 U.S. 483, 492, n.9 (1987)) (emphasis added).

"Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists **between the parties** containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Inferno Grp. Holdings, LLC v. 1000 Degrees Pizzeria Franchise, Inc.,* 2017 U.S. Dist. LEXIS 219925, at *5 (S.D. Fla. Nov. 27, 2017) (emphasis added). "[T]he party seeking to compel arbitration has the initial burden of production the arbitration agreement and establishing the **contractual relationship necessary** to implicate the FAA and its provisions granting th[e] [c]ourt authority to dismiss or stay [the] [p]laintiff[s'] cause of action and to compel arbitration." *Retina Consultants P.C. v. Benjamin,* 2020 U.S. Dist. LEXIS 48820 (S.D. Ga. Mar. 19, 2020) (citing *Compere v. Nusret Miami, LLC,* 396 F. Supp. 3d 1194, 1199 (S.D. Fla. 2019)) (emphasis added).

In discussing the moving party's initial burden in the motion to compel arbitration context, the Eleventh Circuit has confirmed that such burden is similar to that of a party moving for

summary judgment who would ultimately bear the burden of proof at trial. *See Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.,* 272 Fed. Appx. 782, 785-86 (11th Cir. 2008). "[O]nly when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." *Id.* (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 54 (3d Cir. 1980). "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial." *United States v. Four Parcels of Real Prop. In Greene & Tuscaloosa Cntys in State of Ala.,* 941 F.2d 1428, 1438 (11th Cir. 1991). In conjunction with this summary-judgment like burden, the party resisting a motion to compel arbitration should be given the benefit of all reasonable doubts and inferences that may arise. *Magnolia Capital Advisors,* 272 Fed. Appx. at 786.

### III.  ARGUMENT

#### A. DEFENDANT HAS FAILED TO MEET ITS INITIAL BURDEN AS THE PARTY SEEKING TO COMPEL ARBITRATION

Defendant's Motion, unsurprisingly, completely ignores the nature of its burden as the party seeking to compel the instant matter to arbitration, instead focusing much of its analysis and argument on "scope" of arbitration issues and the general notion that Plaintiffs' claims fall within those outlined in Crystal's arbitration agreement. As such, Defendant's Motion focuses much of its time addressing the second of the two "gateway" issues it identifies in its Motion – i.e., "whether the agreement covers the dispute." [Dkt. 17, PageID 75-76]. After outlining why Plaintiff' claims are covered by the arbitration agreement, Defendant then asserts that "as transferee of the RISC," it can enforce the arbitration agreement. [*Id*. at PageID 77]. Herein lies the glaring flaw in

Defendant's argument and its failure to meet the burden incumbent upon a party seeking to compel arbitration.

Before addressing those flaws, however, Plaintiffs will address why Defendant's argument that the Court need not consider any of the "gateway issues," instead submitting such determinations to arbitration, is unpersuasive.

### a. The RISC Does Not Clearly and Unmistakably Delegate the "Gateway Issues" to Arbitration

Defendant's Motion asserts that, because the RISC delegates the issue of arbitrability to arbitration, the Court need not decide any of the "gateway issues" typically incumbent in a federal district court's review of a motion to compel arbitration. *However,* as is expounded upon further below, Defendant has failed to establish that it falls within the categories of individuals subject to the arbitration clause or that it otherwise has any right to enforce the arbitration agreement. As such, there is no "clear and unmistakable" manifestation that the issues of arbitrability between Plaintiffs and *this Defendant* are covered by the arbitration clause and must be submitted to arbitration.

The RISC at issues states, in part, "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause and the arbitrability of the claim or dispute) between you **and us, our employees, agents, successors or assigns"** be resolved by binding arbitration. [Dkt. 17-1, PageID 85] (emphasis added). This contract was entered into between Gary and Crystal. [*Id.*]. Defendant is not Crystal, nor an employee of Crystal. The *only* evidence from which the Court would able to ascertain whether Defendant falls into the category of "successors or assigns" is Defendant's declaration that it was "transferred" the RISC. *However,* Defendant's scant evidence regarding the terms and nature of this "transfer" seem to indicate that Defendant was not a *successor* in interest to the contract, nor was it *assigned* the

5

contract in a manner that would allow Defendant to stand in the shoes of Crystal with relation to the arbitration agreement.

Tellingly, Defendant does not declare nor establish that it purchased the right to arbitrate for consideration, or that it was otherwise transferred all rights and obligation inherent in the RISC, including the ability to compel arbitration.

In *Agostino v. Ally Fin. Inc.,* 2018 U.S. Dist. LEXIS 195764 (M.D. Fla. Nov. 16, 2018), this Court addressed a defendant's attempt to compel arbitration based on allegations that it was assigned the contract at issue, which included an arbitration provision. In determining that the defendant seeking to compel arbitration failed to meet its burden, the Court stated: "Ally **has not met its burden to provide competent evidence** upon which this Court can rely to find that either an agreement to arbitrate exists, **or that Ally is an assignee entitled to enforce the arbitration agreement.**" *Id.* at *9 (emphasis added). Although the defendant in *Agostino* failed to provide an authenticated version of the contract at issue (which would not be comparable in the instant matter) the court nevertheless noted how "**more importantly**, the assignment is based on a separate document . . . which is not in the record in any form." *Id.* at *10 (emphasis added). The absence of such proffered evidence largely guided the Court's determination.

Much like *Agostino,* the "transfer" related documents which would presumably bring Defendant within the ambit of Crystal's arbitration agreement are entirely absent from the record. As such, Defendant has not established that it is an assignee or successor of the contract at issue, instead attempting to convince the Court that its being transferred the RISC inherently means it has the right to enforce the arbitration agreement – a determination which the Court should not reach lightly, as doing so would amount to a dispositive decision on the arbitrability issue.

Simply put, there is no clear and unmistakable manifestation, in the contract at issue, that the arbitrability issue between Plaintiff and *Defendant* would be submitted to arbitration – since Defendant is not Crystal, an employee of Crystal, nor has it established with competent evidence that it is a successor or assignee of the contract at issue. As such, Defendant has not established that it falls within the parties where the question of arbitrability would be submitted to arbitration, underscoring why the Court should address the "gateway issues" presented by Defendant's Motion.

### b. Defendant has Failed to Present Competent Evidence Sufficient to Meet Its Burden in Seeking to Compel Plaintiffs' Claims to Arbitration

Given the absence of a clear and unmistakable recognition in the RISC that the arbitrability of the dispute between Plaintiff and *Defendant* would be submitted to arbitration, the Court must decide the "gateway issues" before determining whether to compel Plaintiffs to bring their claims in arbitration. The first of which is "whether there is an agreement arbitrate between **the parties.**" Because Defendant's proffered evidence fails to establish the absence of genuine issues of material fact as to the existence of an agreement to arbitrate **between the parties,** its Motion must be denied or otherwise held in abeyance until the Court conducts a trial on the issues of fact surrounding Defendant's Motion.

Under Florida and federal law, the first factor to consider is whether a written agreement exists between the parties containing an arbitration clause. On this factor, Defendant has failed to meet its burden as the party seeking to compel arbitration. Defendant concedes that it is not a party to the RISC containing the arbitration provision, instead asserting that, as "transferee," it has the right to enforce the arbitration clause. In support of its argument, Defendant asserts, in **entirely conclusory fashion**, that its being transferred the RISC results in Defendant standing in the shoes

7

of Crystal and has the rights of Crystal in relation to the RISC. [Dkt. 17, Page ID 77]. However, Defendant has failed to come forth with competent evidence sufficient to preclude genuine issues of material fact as to whether the transfer resulted in Defendant standing in the shoes of Crystal in relation to the arbitration clause.

As noted by this Court in *Agostino,* when a defendant seeking to compel arbitration asserts that it has the right to enforce the arbitration agreement evident in a contract to which it was not a party, competent evidence to support such a contention would be the document that governed the transfer of such arbitration agreement. *Agostino,* 2018 U.S. Dist. LEXIS 195764 at *10. As this Court found in *Agostino,* the defendant "has not met its burden to provide competent evidence upon which this Court can rely to find . . . that [defendant] is an assignee entitled to enforce the arbitration agreement" since it failed to produce the document underpinning the purported assignment. *Id.* at *9-10. This same flaw is evident in the instant matter.

Rather than come forth with the document(s) that would *truly* establish Defendant's purported right to enforce the arbitration agreement at issue, Defendant's sole support for its contention is a statement that it was transferred the RISC. This statement, without more, is insufficient for Defendant to meet its burden as to the existence of an agreement to arbitrate disputes between Plaintiff and *Defendant.* Tellingly, at no point in Defendant's provided declaration does it state that the transfer involved a transfer of *all rights and obligations inherent in the RISC.* Defendant instead attempts to make this point in its Motion. Presumably, Defendant would have within its control the documents(s) covering the "transfer" such that it could have come forth with such evidence in support of its contention that it stands in the shoes of Crystal in relation to the RISC. Defendant's failure to present such evidence to the Court in connection with its Motion speaks volumes.

As such, although Defendant has presented competent evidence as to the existence of an agreement to arbitrate between Plaintiff and Crystal, it has failed to meet its burden that *it* is entitled to enforce such agreement. Its mere statement that it was transferred the RISC, without providing the actual document evincing such transfer (which would presumably support its position that it was transferred the right to enforce the arbitration agreement) underscores that Defendant has failed to meet its burden as the party seeking to compel arbitration of Plaintiffs' claims. Defendant would have needed to come forth with sufficient evidence to establish a directed verdict in its favor had the case proceeded to trial, which it has woefully failed to do. Defendant's conclusory assertion that it "stands in the shoes of and has the rights as did the assignor" is completely unsupported by competent evidence. Given Defendant failure to establish its initial burden, Plaintiffs need not adduce any additional evidence to defeat Defendant's Motion. *See, Agostino,* 2018 U.S. Dist. LEXIS 195764 at *10.

Therefore, because Defendant has failed to meet its burden that it is entitled to enforce the Arbitration clause at issue, Defendant's Motion should be denied.

### B. DEFENDANT'S ARGUMENTS THAT TAMMY IS SIMILARLY SUBJECT TO ARBITRATION NEED NOT BE CONSIDERED BY THE COURT

As discussed above, Defendant has not met its burden in establishing its entitlement to enforce the arbitration agreement. Because Defendant has not met this burden, the Court need not consider whether the arbitration clause similarly applies to Tammy's claims. For much the same reason Defendant cannot, based on the evidence presented, enforce the arbitration agreement as to Gary, so too has it failed to establish an ability to compel Tammy's claims to arbitration.

### C. DEFENDANT'S ARGUMENTS REGARDING THE TIMELINESS OF ITS MOTION SIMILARLY NEED NOT BE CONSIDERED BY THE COURT

As is now evident, Plaintiffs' opposition to Defendant's Motion is not based on its lack of timeliness or otherwise improper due to waiver or prejudice to Plaintiffs (although, there would be inherent prejudice in compelling to Plaintiffs to arbitration when the party seeking to compel arbitration has fallen woefully short of meeting its burden in establishing its right to enforce arbitration). The Court need only consider how Defendant has failed to provide any competent evidence regarding its ability to enforce the arbitration agreement. Defendant's failure to meet its burden dooms its Motion on its face.

## IV.  **CONCLUSION**

As set forth herein, Plaintiff requests that Defendant's Motion be denied in its entirety.

Dated: September 4, 2020                         Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that on September 4, 2020, he caused a copy of the foregoing, **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WESTLAKE PORTFOLIO MANAGEMENT'S MOTION TO COMPEL ARBITRATION AND STAY CASE** to be served electronically via CM/ECF system on: all counsel of record.

*/s/ Alejandro E. Figueroa*
Counsel for Plaintiff