UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY L. JOHNSON and GARY A. JOHNSON,

    Plaintiffs,

v.   Case No.  8:20-cv-749-T-24 AEP

WESTLAKE PORTFOLIO MANAGEMENT, LLC,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Compel Arbitration and Stay Action.  (Doc. No. 17).  Plaintiffs oppose the motion.  (Doc. No. 20).  As explained below, the motion is denied.[1]

**I.  Background**

In 2013, Plaintiff Gary Johnson purchased a 2009 Jeep Wrangler.  (Doc. No. 1, ¶10).  The purchase was memorialized in a Retail Installment Sale Contract ("RISC") between Mr. Johnson and Crystal Motor Car Company of Hernando ("Seller").  (Doc. No. 17-1).  The RISC states that "Seller assigns its interest in this contract to Summit Financial," as Mr. Johnson financed the Jeep through Summit Financial Corporation ("Summit").  (Doc. No. 1, ¶10).

---

[1] Defendant also filed a motion to file a reply brief.  (Doc. No. 22).  The Court finds that a reply is unnecessary and denies the motion, because Defendant's proposed reply is not directed at the issue that is the basis for the Court's ruling—whether Plaintiff Tammy Johnson is bound by the arbitration provision.

In April of 2019, the RISC "was transferred to, or purchased by, Defendant" Westlake Portfolio Management, LLC. (Doc. No. 1, ¶ 13; Doc. No. 17-1, ¶ 5). Once Defendant took over the financing of the Jeep, problems arose.

Specifically, in April of 2019, Plaintiff Tammy Johnson (Gary Johnson's wife) attempted to make a payment for the Jeep to Defendant over the phone. (Doc. No. 1, ¶14). Defendant would not accept the payment, because the financing agreement was signed by Mr. Johnson, not Mrs. Johnson. (Doc. No. 1, ¶15). Later, Defendant called Mrs. Johnson's cell phone number in an attempt to speak with Mr. Johnson and again denied Mrs. Johnson's attempt to make the payment. (Doc. No. 1, ¶ 19, 21). Eventually, Mrs. Johnson was able to speak to a representative of Defendant that allowed her to make the April payment. (Doc. No. 1, ¶ 23). This payment problem occurred again in May of 2019, but it is unclear whether Mrs. Johnson was ultimately able to make the May payment. (Doc. No. 1, ¶ 24, 25).

In June of 2019, Defendant wrongfully repossessed the Jeep, despite Plaintiffs' continued payments. (Doc. No. 1, ¶ 26-28). Additionally, Defendant continued to call Mrs. Johnson's cell phone asking for Mr. Johnson despite Mrs. Johnson repeatedly informing Defendant that it was not his cell phone number and to stop calling her cell phone number. (Doc. No. 1, ¶ 31-36). Defendant made calls to Mrs. Johnson's cell phone more than 125 times and during inconvenient hours. (Doc. No. 1, ¶ 35-36).

As a result, Plaintiffs filed suit against Defendant and assert six claims. First, Mrs. Johnson asserts a claim against Defendant for violating the Telephone Consumer Protection Act ("TCPA"). Second, Plaintiffs assert a claim for violations of the Florida Consumer Collection Practices Act ("FCCPA"). Third, Plaintiffs assert a conversion claim due to Defendant's repossession of the Jeep. Fourth, Plaintiffs assert an intentional infliction of emotional distress

claim due to Defendant's harassing phone calls, Defendant's refusal to accept payments in an attempt to force a default, and Defendant's repossession of the Jeep. Fifth, Plaintiffs assert a claim for invasion of privacy due to the repeated phone calls to Mrs. Johnson's cell phone, which were highly intrusive and disrupted Plaintiffs' privacy. Sixth, Plaintiffs assert a claim of trespass to chattels based on Defendant's interference with Mrs. Johnson's use of her cell phone (due to Defendant's repeated phone calls) and interference with Plaintiffs' use of the Jeep (due to Defendant's repossession of it).

## II. Motion to Compel Arbitration

Defendant moves the Court to compel arbitration of both Plaintiffs' claims and to stay this case. In support, Defendant relies on the Arbitration Clause in the RISC that provides the following:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our . . . assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by court action. . . . This Arbitration Clause shall survive any termination, payoff or transfer of this contract.

(Doc. No. 17-1).

In evaluating the motion, several issues arise: (1) whether Defendant was assigned the RISC such that Defendant is a proper party that can enforce the Arbitration Clause; (2) whether Mr. Johnson's claims fall within the scope of the Arbitration Clause; and (3) whether Mrs. Johnson—a non-signatory to the RISC—is bound by the RISC's Arbitration Clause, and if so, whether her claims fall within the scope of the Arbitration Clause. Defendant has stated in its motion that if the Court finds that Mrs. Johnson's claims are not arbitrable, Defendant wants

3

both Plaintiffs' claims to remain before this Court. (Doc. No. 17, p. 8). As explained below, the Court finds that Mrs. Johnson is not bound by the RISC's Arbitration Clause, and as such, her claims are not arbitrable. Further, based on Defendant's desire to try all of the claims in one forum, the Court denies the motion to compel arbitration.

In determining whether Mrs. Johnson is bound by the RISC's Arbitration Clause, the Court will assume that Defendant is a proper party that can enforce the Arbitration Clause. Defendant acknowledges that Mrs. Johnson did not sign the RISC that contained the Arbitration Clause. However, Defendant argues that she is bound by the Arbitration Clause, despite being a non-signatory, under the doctrine of equitable estoppel.

Specifically, Defendant argues that arbitration may be compelled against a non-signatory to an arbitration agreement if state law would allow the agreement to be enforced against the non-signatory. Defendant further argues that Florida's doctrine of equitable estoppel allows it to enforce the Arbitration Clause against Mrs. Johnson. The Court rejects this argument as to several of Mrs. Johnson's claims.

Florida's doctrine of equitable estoppel, in the context of a motion to compel arbitration, precludes a party from claiming the benefits of a contract (*i.e.,* suing to enforce a contractual provision) while simultaneously attempting to avoid the arbitration provision within the contract. See Guy Roofing, Inc. v. Angel Enterprises, LLC, 2018 WL 1863764, at *4 (S.D. Fla. Mar. 1, 2018), adopted by 2018 WL 1863602 (S.D. Fla. Mar. 20, 2018). Thus, when a party must rely on the terms of the contract containing an arbitration provision in order to assert their claims, that party can be equitably estopped from avoiding the contract's arbitration provision. See Schreiber v. Ally Financial Inc., 634 Fed. Appx. 263, 264-65 (11th Cir. 2015); Bailey v. ERG Enterprises, LP, 705 F.3d 1311, 1320 (11th Cir. 2013); Allscripts Healthcare Solutions, Inc. v. Pain Clinic of

Northwest Florida, Inc., 158 So. 3d 644, 646-47 (Fla. 3d DCA 2014); Marcus v. Florida Bagels, LLC, 112 So. 3d 631, 634 (Fla 4th DCA 2013).

In the instant case, Mrs. Johnson is asserting the following six claims: violation of the TCPA, violation of the FCCPA, conversion, intentional infliction of emotional distress, invasion of privacy, and trespass to chattels. At a minimum,[2] Mrs. Johnson's TCPA, FCCPA, and invasion of privacy claims are not based on the RISC containing the Arbitration Clause; she could assert these claims regardless of whether Mr. Johnson entered into the RISC to buy the Jeep. See Mims v. Global Credit & Collection Corp., 803 F. Supp.2d 1349, 1358 (S.D. Fla. 2011)(denying motion to compel arbitration, because the plaintiff's TCPA and FDCPA claims were not based on the underlying agreement that created the debt and contained an arbitration provision); Ray v. NPRTO Florida, LLC, 322 F. Supp.3d 1261, 1263 (M.D. Fla. 2017)(denying motion to compel arbitration, because the plaintiff's TCPA and FDCPA claims were not based on the underlying lease agreement, which created the debt and contained an arbitration provision, and which the plaintiff did not sign), aff'd 743 Fed. Appx. 955 (11th Cir. 2018). Thus, because these claims are independent of the RISC, Mrs. Johnson cannot be compelled to arbitrate these claims. See Rolls-Royce, PLC v. Royal Caribbean Cruises Ltd., 960 So. 2d 768, 770 (Fla. 3d DCA 2007). Further, based on Defendant's desire to try all of the claims in one forum, the Court denies the motion to compel arbitration.

The Court notes that there is another basis upon which to find that Defendant cannot compel Mrs. Johnson to arbitrate her claims. The Arbitration Clause, by its own terms, only applies to claims and disputes "between you and us or our . . . assigns." (Doc. No. 17-1). The

---

[2] To the extent that Mrs. Johnson's intentional infliction of emotional distress and trespass to chattels claims are based on Defendant's allegedly harassing phone calls, those claims are also independent of the RISC.

RISC defines "you" as the Buyer, which is identified therein as Gary Johnson. (Doc. No. 17-1). Thus, even if the Court assumes that Defendant is an assignee that is able to enforce the Arbitration Clause, the Arbitration Clause only covers claims and disputes by or against Mr. Johnson. See Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc., 845 F.3d 1351, 1355 (11th Cir. 2017)(affirming the denial of the Kardashians' motion to compel Kroma EU to arbitrate its claims against them, because the arbitration agreement only covered claims between the Parties thereto, and "the Parties" to the agreement were Tillet and Kroma EU; the arbitration agreement did not cover claims between Kroma EU and the Kardashians).

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant's Motion to File a Reply (Doc. No. 22) is **DENIED**.

(2)     Defendant's Motion to Compel Arbitration and Stay Action (Doc. No. 17) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 15th day of September, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record